GALLOWAY, APPELLANT, *v.* BARNESVILLE LOAN, INC., APPELLEE.

(No. 774—Decided May 25, 1943.)

*Mr. J. H. Chaney* and *Mr. Gordon D. Kinder,* for appellant.

*Mr. W. O. Chappell,* for appellee.

CARTER, P. J.   A reading of the record discloses that E. B. Galloway, appellant, sold a garage to M. W. Henry and Edward Walton, the purchase price to be $2,500 cash.   The money apparently was to be raised by the purchasers securing a loan from appellee, Barnesville Loan, Inc.   A cognovit note was prepared

by the loan company and was signed by the purchasers (Henry and Walton) and by Walton's wife. The loan company refused the loan unless Galloway would place his name on the note, which he agreed to do, and he signed his name upon the back of the note under the following printed provisions thereon:

"For value received, the undersigned endorsers hereby guarantee the payment of this note when due or any time thereafter, and severally waive presentment, protest and notice of protest of non-payment of this note and do hereby jointly and severally authorize and empower any attorney-at-law of any court of record, to appear for us and in our name confess judgment before any court of competent jurisdiction in the State of Ohio, or elsewhere, for the amount of the within note with interest and costs with release of errors, waiving right of appeal."

The proceeds of the note were credited to an indebtedness due the loan company by Galloway. The note bore date of May 31, 1939, due six months after date.

The record discloses payments made thereon, however, leaving a balance of $2,487 due as on the date of taking judgment thereon, to wit February 16, 1942.

In addition to the power of attorney found on the back of the note as indicated above there was also a power of attorney to confess judgment on the face thereof.

The note not having been paid in accordance with its terms, Robert Lewis, president of the Barnesville Loan, Inc., wrote the following letter to Galloway, appellant:

"May 2, 1941.

"Mr. E. B. Galloway
"Arch St.
"Barnesville
"Ohio
"Dear Mr. Galloway:

"Please be advised that it will be necessary for you to settle the note of M. W. and Helene Henry upon which you are co-signer for the garage in Flushing immediately. We would also like for your floor plan account to be settled up.

"If you will call at this office, the writer will talk to you with reference to the above.

"Yours very truly,
"Robert Lewis, President."

In answer to this letter Galloway wrote to Mr. Lewis as follows:

"Barnesville Garage
"Barnesville, Ohio
"May 5th 1941

"Mr. Robert Lewis
"Barnesville, Ohio
"Dear Sir:

"In reply to your request for settlement of a note upon which you say I am co-signer, will advise that I am in position of surety only on a note.

"I request that you bring suit on the principals on note and let them be first exhausted.

"Regarding my floor plan account. I will take care of that in the near future.

"I am at a loss to know what it is that I have done to cause such a request without any knowledge whatever, surely you have not got scared about my notes, the balance on which is but $800 and I can assure you that I have $8,000 worth of new cars now.

"Yours very truly,
"E. B. Galloway"

On February 16, 1942, judgment by confession was rendered in the Common Pleas Court of Belmont county in favor of the loan company.

On February 27, 1942, Galloway filed his petition in the Common Pleas Court of Belmont county praying for vacation of the judgment. This action was taken

during the term at which the judgment was rendered.

The grounds set up in the petition for vacation were as follows: That the judgment was taken for a much larger sum than was due the defendant (appellee), that at the time the judgment was rendered the plaintiff (appellant) was not indebted to the Barnesville Loan, Inc., in any way whatever; that Galloway was surety only on the note; that the loan company had from time to time extended the time of payment of the note without the knowledge or consent of Galloway; that after the note had become due, plaintiff demanded in writing that the Barnesville Loan, Inc., bring suit thereon forthwith; and that the loan company did not commence action thereon until the sixteenth day of February, 1942, the notice having been given on the fifth day of May, 1941. The prayer was that the judgment be vacated and set aside and that Galloway be allowed to file his answer setting forth his defense thereto.

The ground alleged that the amount for which judgment was rendered was much larger than that due is not urged in the brief of counsel for appellant. Neither was the claimed extension of time to the makers of the note without consent of Galloway urged in the brief of appellant. Galloway does allege and urge that he was surety on the note, and the principal matters urged in the brief and argument were that Galloway was surety on the note, that the loan company, having been requested by Galloway to bring suit, failed within a reasonable time thereafter to do so, and that by reason thereof Galloway was released thereunder by reason of the provisions of Section 12191, General Code, which provides:

"A person bound as surety in a written instrument for the payment of money or other valuable thing, if a right of action accrued thereon, may require his creditor, by notice in writing, to commence an action on

such instrument forthwith, against the principal debtor. Unless the creditor commences such action within a reasonable time thereafter, and proceeds with due diligence, in the ordinary course of law, to recover judgment against the principal debtor for the money or other valuable thing due thereby, and to make by execution the amount thereof, the creditor, or the assignee of such instrument, so failing to comply with the requisition of such surety, thereby shall forfeit the right which he otherwise would have to demand and receive of him the amount due thereon.''

Is Galloway a surety on the note? We think not, and if not then he is not in position to claim the benefit of Section 12191, General Code, as this section deals with sureties only.

Above the name of Galloway is found in part the following:

''For value received, the undersigned endorsers hereby guarantee the payment of this note when due or any time thereafter, and severally waive presentment, protest and notice of protest of non-payment of this note.''

We believe that these provisions on the back of the note fix the status of Galloway as not only an endorser but guarantor as well.

Section 8168, General Code, provides that ''a person placing his signature upon an instrument otherwise than as maker, drawer or acceptor is deemed to be an indorser, unless he clearly indicates by appropriate words his intention to be bound in some other capacity.''

Placing his name on the back of the note not only constituted Galloway an endorser but a guarantor also; an endorser with additional liability, that of guarantor. See 8 American Jurisprudence, 254, Section 547.

There is a distinction recognized between a surety and guarantor. While each are obliged to pay the ob-

ligation of another, a surety joins in the same promise as his principal and is primarily liable, while the guarantor makes a separate and individual promise and is only secondarily liable, his liability being contingent on the default of his principal and he becomes absolutely liable when such default takes place and when notified thereof.

It is stated in 29 Ohio Jurisprudence, 1063, Section 308:

"Liability of Guarantor. The word 'guaranty,' in its strict legal and commercial sense, is said to mean 'an undertaking by one person to be answerable for the payment of some debt, or the due performance of some contract or duty, by another person who himself remains liable to pay or perform the same.' Again, it has been defined to be the contract by which one person is bound to another for the fulfilment of a promise or engagement of a third party. A guarantor is not an original contractor; his undertaking is merely collateral and secondary to that of the principal debtor, and is fixed only by the liability of the principal debtor to discharge the obligation for which he is primarily liable. Under General Code Section 8296, a guarantor is secondarily liable, not primarily, as is a surety."

See, also, *Leonard* v. *Sweetzer,* 16 Ohio, 1; *Clay* v. *Edgerton,* 19 Ohio St., 549, 553, 2 Am. Rep., 422; *Castle* v. *Rickly,* 44 Ohio St., 490, 9 N. E., 136; and *Crawford* v. *Turnbaugh, Trustee,* 86 Ohio St., 43, 98 N. E., 858.

There was no error on the part of the court in rendering judgment against the parties in the original action; neither was there error on the part of the trial court in refusing to vacate and set aside the judgment theretofore rendered.

*Judgment affirmed.*

PHILLIPS and NICHOLS, JJ., concur.